UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRICKLAYERS INSURANCE AND WELFARE
FUND, BRICKLAYERS PENSION FUND,
BRICKLAYERS SUPPLEMENTAL ANNUITY FUND,
BRICKLAYERS AND TROWEL TRADES
INTERNATIONAL PENSION FUND, NEW YORK
CITY AND LONG ISLAND JOINT APPRENTICESHIP
AND TRAINING FUND, INTERNATIONAL MASONRY
INSTITUTE, AND JEREMIAH SULLIVAN, JR., in
his fiduciary Capacity as Administrator and Chairman
of Trustees, BRICKLAYERS LOCAL 1, INTERNATIONAL
UNION OF BRICKLAYERS AND ALLIED CRAFT
WORKERS, AND BRICKLAYERS LABOR
MANAGEMENT COMMITTEE,

                        Plaintiffs,

                        -against-

VINZA CONCRETE, INC., PATRICK VIOLA,
and JOSEPH SPERANZA,

                       Defendants.
----------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

15-CV-0080 (AMD) (CLP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 2 6 2017 ★
BROOKLYN OFFICE

**Ann M. Donnelly, United States District Judge:**

On January 7, 2015, the plaintiffs, Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship and Training Fund, and the International Masonry Institute, along with Jeremiah Sullivan Jr., the Chairman of Trustees and Administrator of the Funds, and Bricklayers Local 1, its parent, International Union of Bricklayers and Allied Craft Workers, and the Bricklayers Labor Management Relations Committee commenced this action against the defendants, Vinza Concrete, Inc. ("Vinza") and

1

Patrick Viola[1], (ECF No. 1), and on April 3, 2015, pursuant to an amended complaint, against an additional defendant, Joseph Speranza. (ECF No. 10.) The plaintiffs allege violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1145, 1104, and 1109, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, in addition to common law claims. (ECF No. 1.) On October 17, 2016, the Clerk entered the defendants' default. (ECF No. 52). Thereafter, on January 17, 2017, the plaintiffs moved for default judgment. (ECF No. 60.) On January 18, 2017, I referred this matter to United States Magistrate Judge Cheryl L. Pollak for a report and recommendation as to whether to grant the plaintiffs' default judgment and award damages.

On September 11, 2017, Judge Pollak issued a report recommending that I enter default judgment against the defendants, and award damages:[2] from the defendant, Vinza: (a) $39,855.20 (unpaid contributions and unremitted dues); (b) $14,347.87 (interest)[3]; (c) $7,202.27 (liquidated damages); and (d) $400.00 (costs), totaling, $61,805.34. Judge Pollak also recommended that the plaintiffs be awarded the following damages from the defendant, Joseph Speranza: $98,715.72 (unpaid contributions and unremitted dues). And finally, Judge Pollak recommended that the defendant, Vinza, be required, upon the plaintiff's demand, to submit to an audit of its books and records, including but not limited to those documents specified in the report and recommendation. (ECF No. 62 at 22-23.)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] The plaintiffs voluntarily dismissed the defendant, Patrick Viola, on May 19, 2015, pursuant to Federal Rule of Civil Procedure 41. (ECF No. 16.)
[2] Judge Pollak determined that a damages hearing was unnecessary. *See Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988).
[3] Judge Pollak awarded the plaintiffs interest on the unpaid contributions and unremitted dues from the period February 21, 2014 through September 11, 2017 (the date of Judge Pollak's Report and Recommendation). (ECF No. 62 at 18.)

Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

I have reviewed Judge Pollak's thorough and well-reasoned report and recommendation, and find there are no errors. Thus, I adopt the report and recommendation in its entirely.

Accordingly, a default judgment is entered against the defendants. The Clerk of the Court is respectfully directed to enter judgment against the defendant, Vinza, for the amount of $61,805.34, and against Joseph Speranza for the amount of $98,715.72. In addition, the defendant, Vinza, is directed to submit to an audit of its books at the plaintiff's request.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      September 26, 2017